18-1247 Mararin Pharma v. ITC Mararin Pharma v. ITC May it please the Court, Ashley Parrish for Amarin. When the Commission in this case refused to investigate Amarin's claims under Section 337 of the Tariff Act, it violated a mandatory statute. In Loop Briefing 20, you argue the ITC's decision is a final determination under either 1337 D or F. And the statute, of course, identifies final determinations as under D, E, F, and G. So are you disclaiming reliance on E or G as a basis for appellate jurisdiction? Your Honor, we're focused on D and F, that's right. No, no, no, no. I didn't ask you what you're focused on. I said are you disclaiming reliance on... You know, we have to write these things. Right, Your Honor, we're not relying on those other provisions. Okay. So the reason, and Your Honor, what I was going to say, I'm happy to address jurisdiction first, which is Your Honor's question. The strange thing about this case is that the government has conceded jurisdiction, at least to the extent the court has an endamments authority. Yes. And, of course, jurisdiction overlaps with the merits. And I thought what I might do because of that is start with the statute first. Well, the government's decisions on or views of jurisdiction don't necessarily compel us to have the same view. So I would appreciate it if you could argue jurisdiction first. Absolutely, Your Honor. Then I will start with jurisdiction. Okay. Isn't the statutory language of 1337C crystal clear? It says final determinations of the commission under D, E, F, or G of this section. Yes. How do you fit within D, E, F, or G? So, Your Honor, let me make sort of two points on that, address your question, and also explain that we have two other alternative grounds. And why? While you're discussing that, did you omit any reference to the limiting phrase of 1337C in your opening brief? Well, Your Honor, I'm sorry. I don't mean to be obtuse about it, but what limiting phrase would you be referring to? So, I mean, it says any person adversely affected by a final determination of the commission under subsection D, E, F, or G of this section may appeal such determination within 60 days after the termination becomes final to the United States Court of Appeals for the Federal Circuit for review in accordance with Chapter 7 of Title V. And then you have to refer to D and E. And, Your Honor, what you might be referring to is not in C but in D, where it says in D, if the commission determines as a result of an investigation on this section that there is a violation of this section, it shall exclude from entry. So the D one is exclusion of articles from entry, and then F is cease and desist orders. And our point, Your Honor, is if you take a look both at the Amgen decision and just generally, the idea is that commission negative determinations are also reviewable as are positive determinations. And the practical effect of this decision here— Negative determinations, for example, if they get through an investigation and they decide not to exclude articles from entry, that would be a negative determination under D. And I don't think anybody is suggesting that it's only the affirmative determinations under D, C, E, and F that are subject to review. But that isn't our question. So if your question is their argument, which is that because there's no investigation, these provisions don't apply? Decisions not to investigate. Right. That that precedes any of these. All of these decisions in these subsections come after an investigation. We are clearly at step one, right? But, Your Honor, what I would say to that, and this gets to my other points of why you have jurisdiction, is that the commission— And the question was why you left it out of your brief. Well, Your Honor, because for exactly the reason I'm going to explain here, right, which is that this is a requirement that the commission has when it issues it. What we did put in our brief is that the commission has a mandatory obligation to initiate an investigation. The commission can't divest this court of jurisdiction by avoiding that mandatory obligation and then going on ahead and saying, well, because we avoided that mandatory obligation, now the court has no authority to review. Congress contemplated both that this court would have authority to review final decisions, and second, that except in limited circumstances specified in the statute, that the commission would initiate an investigation and would not make these threshold judgments. The answer to our question with regard to how you fit within the literal, clear language of the section regarding jurisdiction is that we have to— even though there was no investigation here, we need to put this in the box of investigations because the ITC has violated the first section. So, Your Honor— But what if we—OK, so let's then move on to that issue, which is what if we were to conclude, agreeing at least in part with the intervener and the government, that that section does not compel—when it says it shall investigate, the ITC has written gap-filling regulations to define what is a requisite complaint in a case. And they have the right to make that determination, not foreclosed by the language of the statute. And what they did is say the complaint here is deficient. So, Your Honor, what I would say is those gap-filling regulations relate to the form and sort of content of the petition, like the procedural requirements. They don't rely on those regulations to say that this complaint can't go forward. What they rely on—and you see this in the other side's brief—is the legal conclusion that they are precluded because the FDCA is given to the exclusive authority of FDA. So this is not one of those regulations where they say procedurally you haven't complied. Your Honor, let me just finish the thought here, though. The other— I don't understand. Can we just— Yeah. Sorry, but— Absolutely, Your Honor. Of course, Your Honor. All right. Can't we think about—I mean, don't they have the authority to review whether or not this is a properly filed complaint? And if they make the conclusion, which I understand they made here, that there's a failure to state a factually or legal cognizable claim, that is a failure of the complaint. Don't they have that authority? So, Your Honor, they do if they're identifying procedural defaults in the complaint, like the regulations set forth, in which case they will dismiss without prejudice. And then the party has the ability to plead in order to remedy the defect. The problem here is not that they—so when they use the word properly filed, it's not properly filed in the sense that somebody files a brief in this case and the clerk bumps it and says, please correct it. When they're saying it's not properly filed, they're relying on their legal conclusion, which is that the FDCA—they are not allowed to investigate claims under the FDCA because FDA has authority. Well, when you do a failure to state a claim for legally cognizable claims, that is a legal determination. That's not a factual— Exactly, Your Honor. But if that legal determination is incorrect, which is our point, then the agency has subverted the statute, which says it shall investigate based on a legal error. So you're saying they have that authority—your question isn't that they have the authority to not decide not to investigate and to make a—to review the claim for its sufficiency. You're just saying they're wrong, and therefore we ought to have to review that. Your Honor, if I may be a little more specific about that, we think there are four situations where the Commission can decide not to investigate, and this is not one of them. The one example we're talking about is a properly filed complaint, meaning complying with the procedural requirements. That's a dismissal without prejudice. The other ones are specified in the statute, 337 itself, when it involves an anti-dumping issue or whether it involves an alleged copyright infringement. That's 337B. And then under this Court's decision in Amgen, there are the Belle v. Hood reasons, which is if it's wholly insubstantial or frivolous or if it seems like it's irrelevant and it's just there to get jurisdiction. Those are the only situations where the Commission can decide not to proceed. Here the Commission decided not to proceed based on a legal conclusion, which we are submitting to the Court is legally wrong because it's inconsistent with the way that Palm Wonderful looks at the statute. And as a result, it circumvents the obligation of the agency under the statute to initiate an investigation. So, Your Honor, let me just, if I may, just finish the thought is that even if you didn't think you had jurisdiction under those two provisions under my reading, which is that the Commission cannot violate the statute in order to avoid judicial review, you would have judicial review under 706.1 of the APA, which makes the point that if an agency fails to fulfill a mandatory obligation, this Court… Wait, doesn't that go to the district court? So, Your Honor, in a situation where the, and the D.C. Circuit handles this all the time with agency actions that are unlawfully withheld or delayed, and it's the same thing that you apply in your main damus context, which is if the Court has potential jurisdiction, meaning that Congress is assigned to this Court the authority to review the final decision, if an agency fails to take a mandatory act on the way to that decision, this Court also has jurisdiction to protect that jurisdiction by requiring them to take that mandatory act. But that's an APA claim, right? That's an APA claim under 337. That's correct, Your Honor. And so, under this statute, you could say, just like the Supreme Court has talked about this recently, Your Honor, you mentioned the SAS case, but if there's a mandatory act that the Commission must do that is a step on the way to a decision that this Court would have authority and exclusive authority to review, like in this case, you can say to the agency, you improperly failed to investigate, and we are requiring you to open the investigation and do what Congress told you. And the reason you have that is because you have jurisdiction over the final determination. Well, that's the same argument that's made with regard to mandamus, which is that there's not – Yes, Your Honor. No, but I guess I'm having trouble accepting that because I don't think it's – the mandamus statute is an independent grant of statutory jurisdiction. So you still need a hook in the statute. The hook, Your Honor, the hook is 337 itself. Mandamus jurisdiction – I'm sorry. You're talking too fast. I don't like it. The hook is in the 337 itself. Under mandamus jurisdiction, this Court's decisions, we cite the Inetron decision, says that you have jurisdiction not only if you have actual jurisdiction, but if you have potential jurisdiction. And the reason for that is that you will not allow an agency or other court to avoid your jurisdiction that you would have. We all agree – Well, but that's kind of circular to me because what we were talking about even on the threshold issue, there is a threshold issue about whether or not we have jurisdiction at all. So we would have to ask in terms of the board's decision not to institute an investigation. So we haven't answered that question. And if the question to that is yes, then we don't have to worry about mandamus or APA. Then we've got jurisdiction over this question. So why am I wrong that this is kind of a circular answer to my question? Because, Your Honor, the reason it's kind of circular is because the same reason that the Supreme Court in SAS talks about having jurisdiction when an agency engages in shenanigans, but when they mean shenanigans, they don't mean misconduct. They mean not doing something that the statute requires. It would be odd to send this to the district court because you, Congress has vested you with authority to oversee final determinations of the commission. We all agree, there's no dispute, that if the commission had gone through the investigation process and either denied or rejected our complaint on the merits, that you would have authority. This is what the Amgen decision talks about, although admittedly that was after an investigation. And my only point is, Your Honor, is that because this court has been vested with authority to decide the final determination, if we are correct that they have a mandatory obligation to initiate the investigation, their decision not to initiate the investigation doesn't shield them from judicial review. It's a legal error that this court can correct and then make them do the investigation that Congress requires. What about if they had said, OK, and they had agreed with you and said, OK, it looks like the statute compels us to initiate an investigation in all cases? And they initiated it, and then they looked at the complaint, and they made a determination that they're not going to proceed any further because they think this is in the purview of the FDA and not of the ITC. Is that a problem? Yes, it would be, because then you would have the issue, and it would be a proper procedural step. They'd initiate the investigation. They would do it as the statute requires, on a hearing and after briefing. Then they would say, we can't because the FDCA precludes us from doing this. And then we would have the legal issue on the merits, and we would say, just like we have in our briefs, that under the statute, under Palm Wonderful, and the analysis it requires. But how does that come within? Let's go to Palm. Yes, Your Honor. In Palm, the Supreme Court described the case as not a case where a lawsuit is undermining an agency judgment. Now, the complaint here goes right to the heart of the FDCA as a central component of the complaint, right? No, Your Honor. But I'm happy to explain that, but we disagree with that. Your complaint is that the accused products are unapproved new drugs directly implicating FDCA. No? So, Your Honor, let me agree with you that it does directly implicate FDCA. But my point is, and what we try to make forth in the brief, is that that isn't a question of FDA's authority. And I can explain to you why that is the case. In Palm, the Supreme Court says, again, further differentiating, unlike other types of labels regulated by the FDA, such as drug labels, it would appear the FDA does not pre-approve food and beverage. That is true here, too, Your Honor. Dietary supplements are not pre-approved by the FDA. They are decided by manufacturers on their own. Anytime you want to go ahead and put a dietary supplement on the market, there is no FDA approval at all. And, in fact, when FDA then decides later that says maybe this has been mislabeled or some misbranded under the FDCA, the FDA doesn't then take action. What it does is it goes to court and it asks the court to decide the issue. Our point, Your Honor, is that the Congress has allowed the Commission to look at the existing state of the law, the regulations and the statutes on the FDCA and any guidance by the FDA, and make a determination as to now whether or not, under the Tariff Act, that is harming the domestic industry. And applying the standards under the Tariff Act. So it's supposed to make a determination. I mean, the FDA has specific skills and expertise to make these decisions. How is the ITC supposed to do that? No, Your Honor, with respect, the FDA does not have the expertise to understand the issues under the Tariff Act. No, no, no. Isn't the decision here about whether or not whatever it is comes under column for dietary supplements or for drugs? Isn't that the issue? That is the first part of the issue. And, Your Honor, you will remember, or Your Honor will remember in the Allergan case, the court recognized that the FDA has exclusive authority to bring actions under the FDCA, but that did not stop the court from doing what courts do all the time, which is looking at the existing law, the statute, the regulations and any FDA guidance, and making a determination as to whether those products in that case were cosmetics or drugs. Our point here is that it's not a predictive judgment by the commission as to what the agency might do or how it might change the policy. It's just a question on the merits as to whether we are right. They can look at the statute, the regulations, and decide for themselves, has this been clearly said one way or the other? They're not asking the FDA whether or not it is true. I don't know. They can look at the regulations and see if this has been clearly said by whom, by the FDA? By Congress in the statute, by FDA in the regulations. The law that governs. And the only difference is that we lose on the merits. 337A of the FDCA says, all such proceedings for the enforcement or to restrain violations of this chapter shall be by and in the name of the United States. What's the phrase enforcement or to restrain violations mean? You're on the way we interpret that, which I think is consistent with Palm Wonderful and Allergan, which means bringing a cause of action under the FDCA. FDA does not have litigating authority, so that statute says that the United States will bring it to enforce the FDCA. When you're bringing a cause of action under the Lanham Act in Palm Wonderful, even though FDA regulations were directly on point, the Supreme Court said, well, those FDA regulations are not a ceiling. Is it your position that as a matter of statutory construction, the shall language in 337B overrides the bar on private enforcement? Your Honor, our position is that under Palm Wonderful, there's two ways to look at this. The Supreme Court didn't decide it, but one is to reconcile and harmonize them, and the other one is to reinforce both to the utmost extent. Under either approach in Palm, the court says both the Lanham Act is complementary to the FDCA. That is also true here. Our point is that the FDCA statute requires that it be enforced a cause of action for the FDA. The Tariff Act and the Lanham Act provide a private cause of action for parties. They don't displace each other. In fact, they don't even conflict because the 337 has provisions to avoid conflict. Your Honor, I would be happy to answer more questions, but I also would like to reserve a little time if I may. Thank you. Now we've got this unusual circumstance where you're dividing the argument not just two ways, but three ways. Correct. Okay. So 10 minutes is the ITC time. And what issues do you—I mean, can you just give us a second understanding of what issue— are you each covering different issues because it would be helpful to us, since we're here to ask the questions, to know which issues to save for which person? Well, I'll be very happy to answer any questions that the Commission raised in its brief. I believe that the United States are going to address the issue of preclusion, but I also prepared some remarks on that. I am not sure what interveners plan to address today. Okay. Can I—let me start off with just one kind of off-topic question because I didn't understand it. It goes to the FDA, so maybe it's Justice that should answer this. I didn't quite understand what position the government was taking in terms of talking about, well, the FDA six months from now or sometime in the future might do guidelines. Do you know what I'm saying? It was in the FDA letter that it submitted, and it's here. What are we supposed to do with that? Does that suggest that in other circumstances the FDA may have issued firm guidance and therefore we'd be in a different position and the ITC could go ahead because we had firm guidance? That's correct. If the tribunal doesn't have to— So it's not that the ITC doesn't have the authority to do it and it's only the FDA. It's only in instances where the FDA hasn't given us guidance, that the ITC cannot act? Well, in instances where the tribunal has to interpret or apply the FDCA in the first instance, then those claims are precluded. But there are instances where the FDA has already spoken, in which case the tribunal wouldn't have to engage in interpreting the FDCA. They would just have to adjudicate the false representations under the Lanham Act claim. I can give you some examples. For example, there's a district court case that directly spoke to that issue. It's the JHP case that said that if the plaintiff chooses to go to the FDA and have them declare their competitor's products as unlawfully marketed as drugs, then they can come back to the district court. Oh, sure. I mean, in this case, if they had gotten the FDA to look at their drug— I'm talking about something more general, and I don't know enough about the FDA. I thought you were contemplating the FDA coming up with some future guidance, and I don't know what that guidance would be, if they have a listing of drugs, of what falls under the drug category and what falls under dietary supplements. Yes, for example, the commission has, in some instances, instituted investigations when the issue turned on FDA approval status. And so that's an issue that has already been determined by the FDA. Whether something is FDA approved or not doesn't require interpretation of the FDCA. Were you able to identify any legislature that bears on what constitutes an appealable final determination? Legislative history in the statute? There is a statutory language that provides for congressional oversight of pre-institution decisions. I'm asking about legislature. Yeah, legislative history. I am not aware of any that addresses specifically whether— I suppose your question goes to whether pre-institution decisions are appealable or not. The statute is silent, and the legislative history, to my understanding, is that it's silent as well as to whether those decisions are appealable or not. But there is a statutory language that says that those decisions are subject to congressional oversight. My understanding is that your position is that we do have jurisdiction, but it's not mandamus. My understanding of the All Writs Act is that it's not an independent grant of statutory jurisdiction. So if you're saying we don't have jurisdiction under the statute, how could we have mandamus jurisdiction? So there is mandamus jurisdiction when there is prospective jurisdiction or potential jurisdiction, when the order or the decision frustrates the— But if there's prospective jurisdiction? Yes, because if it was— But you're telling us, what is the prospective jurisdiction? You're saying that the ITC cannot act here because it's within the purview of the FDA. So what does the prospective jurisdiction look like? In general, if the ITC conducts an investigation, those cases then are within the exclusive jurisdiction of the federal circuit, of this court. And the case law, while not directly on point, states that when there is prospective jurisdiction, then the mandamus jurisdiction may also be present for when an order frustrates the court's jurisdiction. Tell me in this case what the prospective jurisdiction looks like. I mean, you decided that you don't have jurisdiction because it's within the purview of the FDA. What does prospective jurisdiction look like? You're telling us you don't have jurisdiction today. You don't have appellate jurisdiction you may review under the clear abuse of discretion standard, and this is consistent with the Syntex case where a similar decision by the commission declining to institute an investigation was reviewed by mandamus. If you're wrong about you lacking jurisdiction, then you would have had to go forward with an investigation, right? If we are wrong with respect to the jurisdiction? With respect to the FDA preemption, basically. On the merits. If you're wrong about the merits, then the statute would require you to do an investigation. That's been the commission's interpretation that when it's presented with a properly filed complaint, that it would institute an investigation. And we would have jurisdiction over the final decision as a result of that investigation. That is correct. Exclusive jurisdiction. That is correct. And I just wanted to address that properly filed. This court's predecessor in Syntex and in Union have both interpreted that to mean not procedurally deficient complaint, but a complaint that lacks sufficient allegations to support the asserted claims. So it is not true, as appellants have argued here, that the commission only has authority to reject procedurally deficient complaints. I also wanted to address a point that the appellant made, that in this case the commission has unlawfully delayed or unreasonably delayed its decision. That concerns section 706.1 of the APA. And that section, the Supreme Court has said that it can only force or compel a court or a tribunal to act on a ministerial act or a non-discretionary act, or it can compel the tribunal to act, but it cannot direct the tribunal on how to act. And in this case, the commission has acted, the commission declined to institute, but what's going on here is that appellants are not satisfied with the way that the commission acted, but that is not actionable under that section of the APA. In Amgen, which the opposing counsel raised, we held that even though the ITC labeled the issue as jurisdictional, its dismissal was intrinsically a final decision on the merits. Why is it incorrect to characterize the decision not to institute, in this case, as intrinsically a final determination, not to issue either an exclusion or a cease and desist order? We explained in the commission's brief that the decision here was not a decision on the merits because we have not, the commission has not decided whether these products are drugs or dietary supplements. The commission has stated that the predicate finding by the FDA is missing here, and so the complainant has failed to properly plead the Lanham Act claim. In Amgen, the court reached the merits of the issue. The court found that the claim was not a process claim, and so it determinatively found that the complainant could not proceed on that patent. The other argument that the commission made in its brief is that this is a decision without prejudice. There is precedent that we cited that when you defer to the agency to make a determination in the first place, it's not even permissible to dismiss with prejudice. So there is precedent from this court in Block v. ITC where when the decision is without prejudice, then it's neither a final determination nor the equivalent of a final determination in Block v. International. I don't understand. What you said here was they can't come in, we don't have authority to review it because this is under the purview of the FDA and not under the ITC. What's not dispositive, I mean I don't want to use the word final because you don't want to use the word final, what's not dispositive about that in terms of telling them, don't come back guys because we're not going to initiate an investigation? They can come back if they have the predicate finding from the FDA. Well, if that's your position, I don't understand why you're conceding mandamus jurisdiction then. It seems to me that what you're suggesting is that this is a non-reviewable decision, that the way for them to go about getting relief from you is to first go to the FDA and get a determination that these products are drugs and then come to you and say they're being improperly labeled as supplements. But why would you concede mandamus jurisdiction if you think that there's a route that they can do it properly and then invoke your jurisdiction under 337? Well, we are bound by precedent and given that in syntax the discourse predecessor agreed to review the decision not to institute based on mandamus, we are bound by precedent and so that is the reason we did not dispute mandamus jurisdiction in this case. I see that my time is up if you have further questions. Sure, let's hear from the next person. Thank you. Good morning. Good morning, Your Honor. You agree that if we lack jurisdiction it also applies to mandamus, right? We do, Your Honor. It may help to take a look at the Dominion case that we cited where it's very similar, where the first court in St. Jude says there is no appellate jurisdiction, which we think is clear from the statute when there's no investigation. And because there's no appellate jurisdiction, then the mandamus, as Your Honor has noted, under the All Writs Act, the mandamus doesn't reach to help you get to jurisdiction because there is no jurisdiction. Okay, so then why didn't we move to the statutory construction issue of shall investigate? Why isn't that as clear as it gets in terms of compelling the ITC to initiate an investigation in every complaint? Well, Your Honor, if the statute just said shall, then that would be much harder for us, but there's a key word which is upon its initiative. The same word shall modifies both on complaint and upon its initiative. I'm sorry. I for one don't buy that. On its own initiative is talking about something else. My read of that section is shall initiate an investigation based on a complaint, sort of full stop, or on its own initiative. I think the only way to have any clarity in that statement is to divide the two up, right? With respect, Your Honor, no, because if you put the period in, then you have half a sentence. So how does it mean shall investigate a complaint on its own initiative or shall investigate an alleged violation on its own initiative? So what Congress did here, and the legislative history helps actually, is they used shall as may, not as must. You go to the way this statute was written originally. Well, you can tell the Supreme Court that shall means may or not must, but I'm a little scared to try to do that. So I understand in the Sass opinion that Judge Wallach brought up, I think it's quite helpful on that and they compare it to a statute where it may have said the director could, quote, start proceedings on his initiative, and that's a slip of six. So the Supreme Court definitely understands that you read the entire statute. That statute did not have the word upon its initiative. So what Congress did when they replaced the word authorized with shall, they made clear it was a non-substantive decision. 1974 Senate report, not just somebody talking on the floor, a key Senate report, section 337B1 of the act would continue as it was originally enacted to authorize. House report was the same way. You go back to 1984 where you have regulations from the ITC saying that they have discretion. So the idea that it's a shall in the sense Your Honor started with, I know it may at first read like that, but when you look at upon its initiative, that shall has to modify that. And, of course, if it reads shall that they have to do on every complaint, then as the bar has been talking about, many more complaints will start being investigated by the ITC. Well, that depends. That depends if shall can be modified by that gap-filling exercise in the regulations so that the ITC gets to define what a complaint is. And the argument becomes, in this instance, they determined that this was not a legally cognizable claim, and therefore it didn't come within the complaint language. Yeah, no, and that's right, Your Honor. That's a different argument. That's a different argument. With permission, I'd like to shift to that argument. I mean the ITC's authority to interpret key phrases under the Tariff Act is longstanding. As Your Honor mentioned, they are not the FDA. And the FDA in this context, quote, is charged with the administration of the FDCA, says the ITC. And, of course, the FDA approves new drugs, regulates proper labeling, misbranding, truthful labeling. I mean you can go on and on. They were key to the dietary supplement. So you agree with your friend that this is just a matter of timing. It's not that the ITC can't act. It's that they can only act once the FDA has given some clarity to the analysis. So that is – we're not – with the United States, you will hear from shortly, that if an FDCA violation is a necessary element of the complaint, then it is barred. And that's what was not – in Palm, it was not close to a necessary element. And I think if you look at the sites to their complaint, both the Tariff Act here and the Lanham Act here, their complaint requires finding a violation. It's a necessary element of the cause of action. And so that is not something that the ITC should be looking at. But how does that get cured? They have to run down to the FDA and get the FDA to initiate a proceeding or to declare this a drug, and then they can come back to the ITC. Well, it's barred, Your Honor, as the FDCA – Even if the FDA says this is a drug and they continue to try to bring it in marked as a supplement? The statute could not be clearer, as you'll hear in 12 seconds, Your Honor, that the private bar in the FTC – the bar on private rights of action is so clear. It's only the United States that can address a violation of the FTCA, and that is a decision that Congress made. So what was your friend from the ITC telling us? Wasn't she giving us a different answer to that question? So I will try, but obviously it's not our position. But I think there was some daylight. They see if it's an FDA violation, they may have some enforcement authority, but that's not what we've been saying and not what the United States has been saying. If there's a cause of action that depends on the FTCA, it is barred, and that makes a lot of sense given what we're talking here, which is it's the FDA's role and not the role of the ITC. I am once again reminded of Kogos saying we have met the enemy and he is us. Well, I do. If I could have just five seconds. I know you see a lot of— Can I just ask one more question? I know it's over. I just want to ask you about the jurisdiction. If we agree with you on jurisdiction and also that there's no mandamus jurisdiction, where would they go to get this issue reviewed by the court about whether the ITC has this authority or not? Do you think it's clear from the statute that this type of fundamental legal question was Congress intended to preclude review altogether? What is the question, Your Honor? If it's an FTCA claim, it's not— The question whether the ITC can initiate an investigation when it involves an FTCA claim, yes. Do they have an APA cause of action or something? So I'm not in a position to speculate, Your Honor, on how they— But you know, I mean, I'm sure you well know that there's a strong presumption of judicial review, and to overcome that, Congress has to speak very explicitly. And I don't think we see anything in this statute that suggests judicial review of this question is barred altogether. But it may not be that we're the right forum, but there must be some forum to contest the ITC's assertion that it lacks authority. So the timing is key. What we have here is the agency not doing anything, which really— No, I get all that, but is it an APA action? Is it the agency is failing to properly exercise its authority? This can't be the type of unreviewable agency action that is precluded in any— either in this statute or in the APA. It just doesn't smack to me or seem to me like it's altogether unreviewable. As you're referring, Your Honor, the APA, of course, plays an important role in guiding agency action. And so if they had an argument, then they could run it. So I don't want to be coming across as suggesting otherwise. I did have one final point, Your Honor. Well, I mean, you do see our problem here that if we proclaim that we lack jurisdiction, I would think that we'd want to at least be assured somewhat that there's jurisdiction somewhere. Because I don't think we want to imply that this is an unreviewable question. So I think on that one, the way you phrased it there, we may disagree. I mean, Congress made a decision here about who should be reviewing the ITC and when. And Congress gets reports about the ITC's action, and Congress is entitled to monitor this. If there's something extreme, Your Honor, which I think is what you're implying, then down the road maybe there will be an APA action. But the thing that strikes me about this case is that there is no disagreement among the executive branch. We have the FDA saying they would like to investigate. We have the ITC saying, we agree, a better place to investigate. The ITC does IP work, doesn't do FDA work. FDA has written to us. FDA is saying we would like to investigate this question? The fundamental core question. That's why you have a six-page letter detailing why the legal question, the interpretation of the FDCA, is something they want to do. And there will be problems with the executive branch if one agency is doing something and the other agency is doing it later. Can I ask you one more question about this jurisdictional thing and whether or not we agree with even assuming we would agree with you that the statute is quite clear in terms of our jurisdiction applying only to those subsections. We're also compelled to follow our precedent. And our precedent of Amgen seems quite clear. And your friend tried to describe some daylight in terms of what was going on. I'm not seeing the daylight between our case and Amgen and what the court pronounced in Amgen. So in Amgen, Your Honor, there was a 188-page decision by the ALJ. So no matter what words you use to describe that. But the commission undid that. So we're at a different point in time, but it's still to the same end, which is the court said we don't have any authority to be here. Yes, but the relevant statutory words, as Your Honor has been emphasizing, is as a result of an investigation. When you have an ALJ with a 188-page report, that is really intrinsically on merits determination. No, but the statutory provision we're talking about doesn't say as a result of an investigation. It says a final determination of the commission under subsection D, E, F, and G. So what was Amgen under? Your Honor, when you look at the D through all those provisions, they all either necessarily or by implication assume an investigation. So if you start with D, they all say as a result of an investigation. So you're saying Amgen came within these, and Amgen was just telling us that the opposite of this is not doing it, but it's also within our jurisdiction. In Amgen, I think it's fair to say that it was a result of an investigation, and so that's why there was jurisdiction. While here, it's impossible to say there's an investigation because nothing was done except the ruling. Thank you. Good morning, and may it please the Court. Joe Busa on behalf of the United States as amicus. We have participated only on the question, the merits of the preclusion question, and so I thought it might be most fruitful to start with, Chief Judge Prost, your question about Where are the intervenors? I'm sorry. Oh, I apologize, Your Honor. That was my previous. So, Chief Judge Prost, I thought it might be most helpful. Where are the foreign companies? Are they not here? We represent all the investigations. All. Okay. So you asked if there was guidance forthcoming from FDA on the specific question presented by the regulatory classification of these articles, and the answer is no. FDA has not made a decision about whether these articles are approved new drugs or rather dietary supplements, and there is no guidance forthcoming on that specific question. I think what you might be remembering is references to draft guidance that FDA has been developing for some years about what does and doesn't constitute a new dietary ingredient that is still in draft form. I don't think it is imminently entering final status, although I'm not sure about that. What's crucial is that is general guidance about what counts as a new dietary ingredient. That guidance has not been issued. It wouldn't specifically resolve the question presented about these articles and whether they are or are not dietary supplements within the meaning of the FDCA. So all the guidance people have talked to us about, future guidance and the briefs and so forth, would not change the position that you would have us take in this case with regard to IDC's authority? I don't think so, Your Honor. No. And that's because that guidance... Don't you think the implication of what was told to us in the briefs or in the letter suggested otherwise? And wasn't there a suggestion this morning that, well, yeah, this is denied without prejudice because when the FDA comes up with sufficient clarity or guidance, we can just do this over? There was a suggestion that not that this is imminent, but this is more or less likely to happen, right? No, so Your Honor, I do believe that the guidance about what constitutes a new dietary ingredient is forthcoming. We'll leave the FDA to make a rule with you. Not necessarily with respect to these articles. The guidance is going to help industry figure out whether what they have is a new dietary ingredient or not. Is the guidance going to be specific enough so that if they file a new complaint with the ITC, the ITC is going to say, yes, we have the authority to review it because we can apply the FDA guidance? Or are you going to be here again saying, no, no, no, no, no, this is only within the purview of the FDA? Your Honor, the application, so the answer is no, they will not be able to hear that further case. And that's because it takes difficult scientific and technical judgments as well as deep knowledge of the FDC and its regulations to apply even that helpful guidance about new dietary ingredients to any given article and determine whether that article constitutes a dietary supplement or an unapproved new drug. That determination is something FDA takes very seriously. And it's not possible for a non-specialist tribunal to make those kinds of difficult determinations. Indeed, that's why Congress assigned to FDA and to FDA alone the ability to enforce the FDCA. That's Section 21 U.S.C. 337A, Your Honor, which you asked my opposing counsel about. And we think the best construction of what it means to bring a proceeding for the enforcement of the FDCA, it's pretty clear right here, if you read their complaint from back to front, they allege FDCA violations, pages and pages and pages of them. So your view is that we don't have jurisdiction, but also we don't have mandamus jurisdiction because mandamus jurisdiction is not an independent grant or statutory jurisdiction? Your Honor, the United States, as amicus, has not taken a position on the judicial reviewability, finality, or mandamus issues presented. And that's because of the unique situation arising here where you have the commission with independent litigating authority, but you also have deep equities by a coordinate agency inside the federal government. We intervene to protect those broader United States interests, and so we have not taken a position on the jurisdiction reviewability issues. We have simply argued that should you reach the merits of the preclusion issue here, you should conclude, along with unanimous determination of the other courts of appeals on this subject, that invoking a cause of action under some other statute simply to enforce the FDCA runs straight into... Does the FDA have the authority to go to a district court and have these kind of articles excluded from importation because they violate the FDA? Indeed, Your Honor, and that's an import... So it's not... Just to clarify, I don't think they would have to go to the district court. I believe there's administrative proceeding in front of the FDA to determine whether... In which the importers participate, and they can determine, look, are these articles in violation of the FDCA? And then FDA is able to work in conjunction with the customs at the ports of entry into the United States to exclude... To what court is that appealed? CIT? I'm not 100% sure about that, Your Honor, but I do understand that... My understanding is that there is a PA review of those exclusion or determinations. Just in a very similar way to if FDA were to seek to enforce and seek an injunction or criminal liability or civil forfeiture, the FDA would work with DOJ to institute those proceedings by and on behalf of the United States in a district court, and that court would be able to review those determinations. And Congress has created a specific, highly reticulated and detailed regime to govern these specific articles. That is why this regime displaces the application of the Tariff Act that Ameren seeks to invoke here. And it would upset Congress's decided judgment in reserving exclusive enforcement authority to the FDA to allow private parties like Ameren to come to the commission or to district courts around the country, circumvent FDA's procedure, and try to obtain enforcement of the FDCA. They could not obtain by going to the agency charged with the administration of this statute. Surely, eventually, there must be appeals and determinations of excludability, FDA determinations. I believe that's correct. If FDA comes to a determination on its own enforcement authority that items coming into the country violate the FDCA, FDA then can institute an enforcement action, in that case, exclusion of those items from entry into the country. So what did your friend have done precisely to try to get the end he's seeking here? Well, that's exactly the crucial point here, Your Honor. They can come to FDA, and they can tell FDA, we think that our competitor's items are violating the FDCA. They're unapproved new drugs. We want you to exclude them. If the FDA agrees, one, this is an enforcement priority under the statute. Is the FDA required to do an investigation on every case? Oh, no, I don't believe so, Your Honor. And that's because Congress reserved exclusively to the FDA the ability to determine, look, we have limited resources. There are many things the FDA could be pursuing around the country. Is this the most important? That is a decision that Congress assigned to the FDA, the expert decision-makers in this issue. Ameren would have you open that exclusivity up with the necessary consequence that there would be cases all around the country in district courts on Lanham Act claims that would force non-expert decision-makers to make these very difficult judgments and divide the agency's attention. And Congress made very clear in 21 U.S.C. 337a that that was not appropriate. Thank you. Thank you very much. Your Honors, I'd like to make three points that I think could be helpful to the court. Judge Hughes, your question to the Commission's counsel outlines the jurisdictional analysis, and I'd like to cite your case that echoes, I think, your question. This is the D.C. Circuit at 750 F. Second 70, and then 76 to 79. That's a Judge Edwards decision. That case, the question was, well, the APA doesn't confer you an independent... What's the name of it? It's Telecoms Research and Action Center versus FCC. And what the court says there is that the APA itself does not confer an independent basis of jurisdiction, but the court says that when the Court of Appeals' ability to review on the merits may be defeated by an agency that fails to resolve disputes, a circuit court may resolve claims of unreasonable delay in order to protect its future jurisdiction, and it explains what it means by that, which is that the jurisdiction comes to this court to require the agency action that leads to the potential jurisdiction down the road. Second, Judge Prost, your question about the shell means shell. All I would suggest to the court is, in addition to looking at that initial language, you read on in Section B, because it specifically not only says that the agency shall institute an investigation upon complaint, it then gives two exceptions. In the context of the anti-dumping laws and in copyright infringement, the agency may not, when it's wholly dependent on that, and it may in the context of when it's in part. So the Congress specifically carved out exceptions where the agency would have discretion. This is not one of those. Finally, Your Honor, their request that you carve out a new exception, a new exception for the FDCA, isn't consistent with the analysis of Palm Wonderful or the recognition in Allergan that terms in the FDC are not something special. The analysis that Palm requires is, is there a conflict? Your Honor, the attorney from the SG's office tries to create the conflict, but he is just wrong about the scheme. FDA does not pre-approve these things. These decisions are made by manufacturers every day. FDA does not get to decide whether they come in or not. They go to a court, and a court has to look at what the law is at the time to decide whether FDA is right or wrong. There is nothing that prevents Conger from doing what it did here, which is requiring the commission to take a look at whether or not these things are or are not, in fact, dietary supplements. That's not a difficult decision, but in any event, it's a merits decision. If we cannot prove that we're right about this, that the law is clear, then the commission rules against us on the merits, and you have a full record to review. The problem with this case, Your Honor, is that 337A says that the commission, and under the ITC, is supposed to be, quote, in addition to any other provision of law. The FDCA is another provision of law. This remedy is in addition. It provides us a private right of action. We have been thrown out of the commission. There is no remedy for us to address the violations of 337 and the Lanham Act. FDA does not have authority over the Lanham Act or the 337. We would ask the court only to do this, which is to remand to the commission to do what Congress required. The legislative branch here trumps the executive branch. It directed the commission to initiate an investigation. We would be very grateful if the court would direct the commission to do that and address our claims on the merits. Thank you for your time. I'm very grateful. Thank you. I thank all the witnesses in the cases submitted. That concludes our proceeding for this morning.